United States District Court
Southern District of Texas
**ENTERED**
May 05, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-14-275-1 |
| | § | |
| EFFRON ANTHONY WILLIAMS | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Effron Anthony Williams, represented by counsel, filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Docket Entry No. 135) with a memorandum of law (Docket Entry No. 136). The Government filed a motion to dismiss (Docket No. 147), to which Defendant filed a reply (Docket Entry No. 150).

Having considered the motions, the memorandum, the reply, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DENIES** the motion to vacate for the reasons shown below.

### I. BACKGROUND AND CLAIMS

On July 2, 2014, a three-count indictment was filed against Defendant for conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count 1); attempted interference with commerce by robbery in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); and aiding and abetting in discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count 3).

On November 19, 2014, Defendant pleaded guilty to all three counts pursuant to a written plea agreement. (Docket Entry No. 60.) In the plea agreement, Defendant waived his right to appeal or collaterally attack his conviction and sentence on any ground except ineffective assistance of counsel. *Id.*, pp. 4–5.

On April 8, 2015, the Court sentenced Defendant to ten-month terms of imprisonment on Counts 1 and 2, to be served concurrently. The Court sentenced him to a consecutive sentence of 120 months for the section 924(c)(1)(A)(iii) offense in Count 3, followed by a three-year term of supervised release with restitution in an amount of $163,075.00. Judgment of conviction was entered on April 15, 2015. (Docket Entry No. 89.) No direct appeal was taken. Defendant's currently anticipated prison release date is November 28, 2023.

In the instant habeas proceeding, Defendant challenges the constitutionality of his section 924(c)(1)(A)(iii) conviction (Count 3) based on the Supreme Court's decision in *United States v. Davis*, ___U.S.___, 139 S. Ct. 2319 (2019). The holding in *Davis* applies retroactively to cases on collateral review. *United States v. Reece*, 938 F.3d 630, 634–35 (5th Cir. 2019). The Government contends that relief should be denied because Defendant's *Davis* claims are barred by the waiver of collateral review provision in his written plea agreement and that, in any event, *Davis* does not apply to Defendant's conviction.

2

Because the Court agrees that Defendant's waiver provision bars his claims arising under *Davis*, the Court will dismiss the habeas petition on grounds of waiver.

## II. LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## III. WAIVER OF COLLATERAL REVIEW

In his written plea agreement, Defendant "knowingly and voluntarily waive[d] the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined." He further "knowingly and voluntarily waive[d] the right to contest his conviction or sentence by means of any post-conviction proceeding." (Docket Entry No.

60, pp. 4–5.) The plea agreement expressly provided that Defendant did not waive his right to raise a claim for ineffective assistance of counsel. *Id.* However, Defendant is not claiming ineffectiveness of counsel in the instant proceeding, and the waiver exclusion does not apply.

The Fifth Circuit Court of Appeals has routinely upheld waivers of appeal and collateral review, and holds that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Defendant, however, counters that his *Davis* claims are not barred by the collateral review waiver in his plea, because (1) *Davis* is new law that was unavailable when he pleaded guilty and he cannot waive an unknown right; and (2) his sentence now exceeds the statutory maximum due to *Davis* and he cannot waive his right to challenge an illegal or unconstitutional sentence.

The Fifth Circuit Court of Appeals has not specifically ruled on the enforceability of a collateral review waiver in context of *Davis*. However, the Fifth Circuit has repeatedly held that a change in law does not revive a claim otherwise barred by a plea waiver. As noted by the Fifth Circuit in *United States v. Barnes*, 953 F.3d 383, 387 (5th Cir. 2020), "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *See also United States v. Creadell Burns*, 433 F.3d 442 (5th Cir. 2005) (rejecting

4

a defendant's argument that his plea waiver did not waive a post-*Booker* challenge because *Booker* was decided after his plea).¹

As observed by the Fifth Circuit in *Barnes*,

> At base, [defendant] needn't have understood all the possible eventualities that could, in the future, have allowed him to challenge his conviction or sentence. His waiver only needed to be "knowing," not "all-knowing." When [defendant] waived his right to post-conviction review, he was aware of the right that he was giving up. By doing so, "he assumed the risk that he would be denied the benefit of future legal developments."

*Barnes*, 953 F.3d at 388 (citations omitted). In short, "[a] waiver is knowing and voluntary if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement." *United States v. Timothy Burns*, 770 F. App'x 187, 190, 2019 WL 2078324 (5th Cir. 2019)² (holding that plea waiver bars section 2255 claim notwithstanding movant's argument that the right at issue did not exist at the time he agreed to the waiver). There is no dispute that Defendant in this case knew he was waiving the right to collateral review by executing his guilty plea, and the subsequent decision in *Davis* did not render his earlier plea and waiver involuntary and unknowing.

Defendant next argues that because his sentence now exceeds the statutory maximum due to *Davis*, his collateral review waiver is unenforceable. The Fifth Circuit recognizes

---

¹Two different *Burns* decisions are cited in this opinion. To avoid confusion, they will be referenced as *Timothy Burns* and *Creadell Burns*.

²Although *Timothy Burns* is unpublished, the Fifth Circuit noted in *Barnes* that the decision is "persuasive authority" and "instructive." *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020).

that a defendant can claim on appeal that a sentence exceeds the statutory maximum, notwithstanding a waiver of appeal provision in his plea agreement. *U.S. v. White*, 307 F.3d 336, 339–40 (5th Cir. 2002). However, Defendant's sentence did not exceed the statutory maximum at the time it was imposed. *Davis* did not create a retroactive exclusion to enforcement of collateral review waivers or give rise to an infirmity in Defendant's waiver provision.

Defendant fails to meet his burden of proof in this proceeding. The collateral review waiver provision in his guilty plea is valid and enforceable, and Defendant's *Davis* claims must be dismissed.

## IV. CONCLUSION

For the above reasons, the Government's motion to dismiss (Docket Entry No. 147) is **GRANTED**, and Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 135) is **DENIED**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 4 day of May, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE